S02Y0400. IN THE MATTER OF LARRY D. RUSKAUP.
(558 SE2d 392)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the special master's Report and Recommendation that Respondent Larry D. Ruskaup should be disbarred for violations of Standards 44 (a lawyer shall not without just cause to the detriment of his client wilfully abandon or wilfully disregard a legal matter entrusted to him); 61 (a lawyer shall promptly notify a client of the receipt of the client's funds, securities or other properties and shall promptly deliver such funds, securities or other properties to the client); 63 (a lawyer shall maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and promptly render appropriate accounts to his client regarding them); 65 (A) (a lawyer shall not commingle his client's funds with his own, and shall not fail to account for trust property, including money and interest paid on the client's money, if any, held in any fiduciary capacity); and 65 (D) (no funds shall be withdrawn from a lawyer's trust account for the personal use of the lawyer maintaining the account except earned attorney fees debited against the account of a specific client and recorded as such) of Bar Rule 4-102 (d). A violation of any of these standards is punishable by disbarment.

The State Bar filed a Formal Complaint alleging that Ruskaup violated Standards 44, 61, 63, 65 (A), and 65 (D) of Bar Rule 4-102 (d). Although Ruskaup answered the complaint, he failed to respond to the State Bar's discovery requests and, on October 3, 2001, the special master filed an order granting the State Bar's motion for sanctions, striking Ruskaup's answer, and granting a default judg-

ment. The special master subsequently filed the Report and Recommendation noting that, pursuant to Bar Rule 4-212, the facts alleged and violations charged in the Formal Complaint were deemed admitted. Neither party filed a request for Review Panel review and accordingly, pursuant to Bar Rule 4-217 (c), both parties are deemed to have waived any right they may have under the rules to file exceptions with or make request for oral argument to this Court.

Ruskaup was retained by a client in March 1999 to represent her in a personal injury action. Ruskaup settled the client's claims against the defendants for $18,882.05 and received a settlement check for $15,000 from Catawba Insurance Company in December 1999 and a check for $3,882.05 from the American National Property and Casualty Company in January 2000. Both checks were made payable to Ruskaup and the client. Ruskaup did not inform the client that he received the checks; endorsed the checks with his name and caused the client's name to be signed on the checks; deposited the checks into his attorney trust account; and used the money for his own benefit. After learning from the insurance companies that Ruskaup had received the checks, the client repeatedly directed Ruskaup to disburse the money due her and when he failed to do so, the client filed a civil action against him. On the date his answer was due in the civil action, Ruskaup sent a check for $3,000 and informed the client's attorney that he would forward the remainder of the funds in a timely manner. However, Ruskaup failed to forward any additional funds to the client.

We conclude that Ruskaup's conduct in this matter violated Standards 44, 61, 63, 65 (A), and 65 (D) of Bar Rule 4-102 (d), and that disbarment is warranted. We note in aggravation of discipline, Ruskaup's substantial experience in the practice of law, having been admitted to the bar in 1966; dishonest or selfish motive; and bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency. Accordingly, Ruskaup hereby is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JANUARY 14, 2002.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar*, for State Bar of Georgia.